**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **RAFAEL ROJAS**,<br><br>        Plaintiff,<br><br>vs.<br><br>**TRICO WEB, LLC and DONALD JUILIANO, Individually,**<br><br>        Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff RAFAEL ROJAS ("Rojas" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants TRICO WEB, LLC, ("Defendant" or "Trico Web") and Donald Juiliano, individually ("Juiliano") (collectively "Defendants"), and alleges as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.      Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.     This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     At all times material hereto, Plaintiff performed non-exempt labor duties for the Defendants in New Jersey and based from Defendants' warehouse located in Carlstadt, Bergen County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7.     At all times pertinent to this Complaint, the Defendant, Trico Web, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants own and operate a full service printing company, serving clients' printing needs throughout the United States and Europe. In addition to Defendants using the channels of interstate commerce to transport their finished products to clients throughout the United States and internationally, and buying and moving their equipment and tools throughout the country to perform their corporate duties, Plaintiff and those similarly situated employees worked in interstate commerce as well, i.e., using these tools and products which have moved through interstate channels so as to

produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8.      Plaintiff Rojas is an adult individual who is a resident of Newark, Essex County, New Jersey.

9.      Plaintiff was employed by Defendants full time as a laborer, performing assembly, packing, moving and maintenance duties, from in or about May, 2013, through in or about early September, 2016.

10.      Upon information and belief, the Defendant Trico Web, is headquartered in Carlstadt, Bergen County, New Jersey.

11.      Upon information and belief, at all times relevant to this Complaint, the Defendant Trico Web, employs individuals to perform labor services on behalf of the Defendants.

12.      Upon information and belief, at all times relevant to this Complaint, the Defendant Trico Web's annual gross volume of sales made or business done was not less than $500,000.00.

13.      At all times relevant to this Complaint, the Defendant Trico Web as and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14.      Upon information and belief, Defendant Juiliano is a New Jersey state resident.

3

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Juiliano has been an owner, partner, corporate officer and/or manager of the Defendant Trico Web's operations.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Juiliano has had power over personnel decisions at the Trico Web.

17. Defendant Juiliano was present at the Carlstadt location every day, and managed the day to day operations, controlled the employees' pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

19. Plaintiff Rojas was an hourly employee and his hourly rate of pay was $10.00 an hour.

20. Plaintiff Rojas routinely worked between five (5) and six (6) days per week.

21. Plaintiff Rojas worked between fifty (50) and sixty (60) hours per week.

22. Plaintiff was required to clock in when he arrived at work and clock out when he left work.

23. Defendants automatically deducted thirty (30) minutes per shift from Plaintiff for a meal break, despite the fact that Plaintiff routinely was required to and

did work through his break and was unable to take the time Defendants automatically deducted.

24.     Plaintiff Rojas was not paid for all of his hours worked each week.

25.     Plaintiff Rojas was paid time and one half for some but not all his hours worked over forty (40) in a workweek.

26.     Upon information and belief, employees similarly situated to Plaintiff were also compensated for some but not all of their overtime hours worked in excess of forty (40) each work week.

27.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

29.     This cause of action is brought to recover from Defendants unpaid minimum wages, unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

30.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

31.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

32.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked as well as those worked in excess of forty (40) within a work week.

33.     The additional persons who may become Plaintiffs in this action are Defendants non-exempt laborers who have worked overtime hours in one or more work periods, on or after March 2, 2015, and were not properly compensated at the statutory minimum wages or at the statutory overtime rate of pay for hours worked in excess of forty (40) within a workweek.

34.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

35.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above Paragraphs.

36.     Plaintiff is entitled to be paid one and one half times his regular rate of pay for each of his overtime hours worked per work week.

37.    All similarly situated employees of the Defendants are also owed their overtime rate of pay for each and every overtime hour they worked and were not properly paid.

38.    Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to them at time and one half their regular rate of pay for all of their overtime hours worked in a work week.

39.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

40.    As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

41.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

42.    Defendants' aforementioned conduct is in violation of the NJWHL.

43.    As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to unpaid wages.

## JURY TRIAL

44. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff RAFAEL ROJAS, and those similarly situated to him, who have or will become part of this collective action, demand

judgment, against Defendants TRICO WEB, LLC, and DONALD JUILIANO, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 2, 2018                           Respectfully submitted,

                                                s/ Jodi J. Jaffe
                                               Jodi J. Jaffe, Esquire
                                               E-mail: JJaffe@JaffeGlenn.com
                                               New Jersey Bar No.: 022351993
                                               Andrew I. Glenn, Esq.
                                               Email: aglenn@jaffeglenn.com
                                               New Jersey Bar No.: 026491992
                                               **JAFFE GLENN LAW GROUP, P.A.**
                                               301 N. Harrison Street, Suite 9F, #306
                                               Princeton, New Jersey 08540
                                               Telephone: (201) 687-9977
                                               Facsimile: (201) 595-0308
                                               *Attorneys for Plaintiff*